## 42679. GAY v. FARLEY.
### (336 SE2d 235)

GREGORY, Justice.

On June 11, 1981, appellant Clara N. Gay and the testator, Henry Kyle Gay, entered into an antenuptial agreement which stated that if their impending marriage terminated by any reason other than death, the parties would equally divide all jointly-held property. Paragraph eight of the agreement further provided that if the marriage terminated by the "death of the husband, with wife surviving, the husband's estate will pay to wife the sum of twenty thousand dollars." Clara Gay and Henry Gay were married the following day. In December 1981, Henry Gay executed a will, the pertinent portion of which referred to the antenuptial agreement, and provided that, upon his death, his wife, Clara Gay, would receive one-half of all jointly-held property. Item Three of the will further provided, "Additionally I give to [Clara Gay] the sum of twenty thousand dollars in the event she survives me. This twenty thousand dollars is the same twenty thousand dollars set out in the antenuptial property agreement executed between me and her on the 11th day of June, 1981."

Clara Gay and Henry Gay were divorced in September 1982. In April 1983, Henry Gay died. His daughter, appellee, Sandra Gay Farley, was named executrix of his will. Farley filed a petition for probate

of her father's will in solemn form, and letters testamentary issued to her by the Probate Court of Cobb County. Thereafter Clara Gay filed a petition in the Probate Court contending she was a legatee under the will, and entitled to twenty thousand dollars as provided for in Item Three of the will. The probate court entered an order finding that Henry Gay made his will in contemplation of divorce, and that Clara Gay was, therefore, entitled to receive $20,000 under Item Three of the will. Farley appealed this ruling to the Superior Court of Cobb County. That court reversed, finding "no indication" that the testator made his will in contemplation of divorce. The superior court found the will was, therefore, revoked in its entirety by the operation of OCGA § 53-2-76[1] at the time Henry Gay and Clara Gay were divorced. Clara Gay appeals.

At the outset, we note that Gay does *not* contend the superior court erred in finding Henry Gay's will was not made in contemplation of divorce. Rather, Gay's sole argument on appeal is that the superior court exceeded its authority under OCGA § 5-3-29 in deciding an issue, which appellant characterizes as the "validity of the will," not before the probate court.

OCGA § 5-3-29 provides, in part, "An appeal to the superior court from a . . . probate court . . . is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the merits of the case."

Clara Gay petitioned the probate court to be declared a legatee under the will. Both Clara Gay and Sandra Farley took the position in the probate court that the will had been made in contemplation of divorce. Farley argued, however, that her father intended for Clara Gay to receive the $20,000 bequest only if Gay was married to him at the time of his death. The probate court ruled in favor of Clara Gay, based on its finding that Henry Gay's will was made in contemplation of divorce, and was therefore not revoked by operation of OCGA § 53-2-76. Contrary to appellant's assertion, the issue of whether the will was "valid" or was revoked by OCGA § 53-2-76 was squarely before the superior court on appeal, thus making it unnecessary for this court to determine if the issue could otherwise have been litigated before the superior court.

*Judgment affirmed. All the Justices concur.*

---

[1] OCGA § 53-2-76 provides, "Marriage of a testator, his total divorce, or the birth of a child to him, subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will."

DECIDED NOVEMBER 19, 1985.

*Charles A. Cole, Jr.,* for appellant.
*Murray M. Silver,* for appellee.